SCARBOROUGH v. McKINNON. (No. 332.)

(Court of Civil Appeals of Texas. Beaumont. March 8, 1918. Rehearing Denied March 27, 1918.)

1. PRINCIPAL AND SURETY ⟲⟲108(2) — DISCHARGE OF SURETY—EXTENSION OF NOTE—CONSIDERATION.

Contract for extension of time for payment of a note for a definite period, when the debt bears interest, is on a valuable consideration, and binding on the parties; thus discharging the surety not consenting thereto.

2. PRINCIPAL AND SURETY ⟲⟲162(2) — DISCHARGE—EXTENSION—QUESTION FOR JURY.

Whether there was an extension of time for payment of note, discharging the surety *held* a question for the jury; the payee after urging the surety, when the note became due, to collect it, saying nothing more till nearly two years later, a credit having in the meantime been made on it a year after it was due, and the payee, at the second interview, saying that unless it was paid on its due date he would put it in an attorney's hand, and this though he states that by this he meant "when it became due at any time."

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by A. McKinnon against L. P. Scarborough. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Campbell, Myer, Myer & Freeman, of Houston, for appellant. Hunt & Teagle, of Houston, for appellee.

KING, J. On April 7, 1916, A. McKinnon filed suit against W. J. Mullen and appellant, L. P. Scarborough, on a note dated March 8, 1913, for the sum of $1,000, due October 1, 1913, providing for interest and attorney's fee. Mullen was the principal on said note; appellant signing the same as surety. The case was dismissed as to W. J. Mullen upon allegations in a supplemental petition by appellee alleging that he had died since the filing of the suit, and was at his death notoriously insolvent. Suit proceeded against appellant Scarborough. A trial was had before a jury, and after all the evidence was heard the court peremptorily instructed a verdict against appellant, and the sole question presented on this appeal is whether there was sufficient evidence to raise the issue as to whether the appellee, without notice to appellant, agreed with Mullen to extend the time of payment of said note to a fixed date.

[1] The record shows that Scarborough signed the note as an accommodation to Mullen, the maker, and received no part of the money. The briefs present no issue as to the law, but meet upon the well-established legal proposition that, if by a valid agreement the payee in a note, without the consent of the surety, gives an extension of time for the

payment of the note for a definite period, such agreement operates to discharge the surety from his undertaking, if said agreement is based upon a valid consideration. There was no proof of any other consideration than the interest provided in the note. It has been held, and we so hold, that a contract for the extension of time of payment of a note for a definite period, when the debt bears interest, is upon a valuable consideration, and is binding between the parties.

[2] Appellee insists that there is not a particle of evidence in the record from any source that even tends to raise a suspicion that any kind of an agreement for an extension had been made between McKinnon and Mullen. The issue of extension can, like any other issue of fact, be established by circumstances, and while Mullen had died and his lips are therefore sealed, and the appellee by positive statements testified that he had no agreement with Mullen to extend the note, yet, under the well-established rules of construction in Texas, we must eliminate the testimony introduced in behalf of appellee and see if there is testimony, circumstantial or otherwise, introduced in behalf of appellant that would raise an issue as to this extension, from which reasonable minds might differ.

In applying this test, we find from the record that the note was executed March 8, 1913, and was due October 1, 1913, and that some time after its due date McKinnon informed appellant that the note had not been paid, and that appellant urged him to collect it from Mr. Mullen, the maker of the note; Scarborough testifying that the next he heard McKinnon came into his office about September, 1915, nearly two years after its original due date, and again told appellant that the note had not been paid, and that McKinnon told appellant on that occasion that "unless it was paid on its due date, that he was going to put it in the hands of his attorney." McKinnon testified on the trial of the case:

"I admit I made the statement 'when it becomes due I will put it in the hands of an attorney,' and this conversation occurred in 1915."

Appellee further testified:

"By telling him 'when it becomes due I am going to put it in the hands of a lawyer,' I meant I was going to put it in the hands of a lawyer. I meant when it became due any time."

The appellant, being recalled to the stand, testified on cross-examination:

"Mr. McKinnon intimated to me that he extended the payment of that note. My recollection is not clear enough for me to say whether or not he stated he extended this note. If I recall, Mr. McKinnon came to my office and told me Mr. Mullen had not paid the note. I urged him to collect it from Mr. Mullen, and he said he was going to do it when it became due the next time—when it became due, which would be in a few days. That conversation was in 1915."

The record shows that the note was credited with the sum of $250, of date the 1st day of October, 1914, one year after its due date, and about 11 months before the conversation wherein McKinnon admits that he told Scarborough that when it became due he was going to place it in the hands of an attorney for suit.

The jury, hearing appellee's testimony and observing his demeanor on the stand, and knowing his interest in the subject-matter, had a right to give his testimony credit or not to credit the same, and the admitted statement of appellee and his explanation of what he meant; that is, "that when it became due at any time," the further fact of the credit on the anniversary of its due date, and the testimony as to the long lapse of time from the first conversation, a few months after the note was due, between McKinnon and Scarborough, and the last conversation, were of such probative force as to call for very serious consideration upon the part of the jury as to whether appellee in fact had had an agreement with Mullen to extend the payment of the note to a definite date, and were circumstances from which the jury would have been justified in finding that such extension had actually been made; therefore bringing the case under the well-established rule that, if there is any evidence, circumstantial or otherwise, fairly tending to support a material issue, it is error for the court to give a peremptory instruction where a jury has been demanded. The positive testimony upon the part of appellee on the one hand that he did not agree to extend the time, and the facts and circumstances recited in this opinion on the part of appellant, formed an issue, and it was the province of the jury, and not the court, to determine the same in favor of one or the other.

The case is reversed and remanded.